SAARI v. GEORGE C. DATES & ASSOCIATES, INC.

1. CONTRACTS—BREACH—PRIMA FACIE CASE—PERFORMANCE—DAMAGES—EVIDENCE.

In an action for damages by employee against employer for damages for breach of contract of employment by unlawful discharge, plaintiff made a *prima facie* case by proving the contract, performance thereof up to the time of discharge, and proof of damages.

2. SAME—PRIMA FACIE CASE—BREACH OF CONTRACT—DISCHARGE FROM EMPLOYMENT.

After an employee made a *prima facie* case for recovery of damages for alleged unlawful discharge from employment, the employer then had the affirmative of proving the employee had breached the contract and that the discharge was legal.

3. TRIAL—BURDEN OF PROOF—DEFENSE DEPENDING UPON NEGATIVE AVERMENT.

The party holding the affirmative of an issue takes the onus of proof, hence where the defense depends upon a negative aver-

ment, defendant is charged with the burden of proving it since he has raised an issue which would be defeated if no proof was offered.

4. APPEAL AND ERROR—NONJURY LAW CASE—PREPONDERANCE OF EVIDENCE.

In a case tried by a circuit judge without a jury the Supreme Court does not reverse unless the evidence clearly preponderates in the opposite direction.

5. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—DISCHARGE— JUSTIFICATION—EVIDENCE.

In employee's action against employer for damages for unlawful discharge from employment under written contract relating to business of treating the hair and scalp, defendant *held*, to have justified its discharge of plaintiff by showing made, including testimony that plaintiff was not devoting his full time to the business, spent much time away from the office and at the office of a competitor, was inattentive to business, used unclean, unsterilized instruments, violated sanitary regulations governing the licensed business, was abusive to employees and had an excessive labor turnover and thereby caused increased operating costs for defendant.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EMPLOYEE'S SALARY AND BONUS UPON DISCHARGE.

Circuit judge in nonjury case was not in error in failing to consider whether or not plaintiff was entitled under contract of employment to two weeks' salary and bonus upon his discharge where no request was made that he allow judgment therefor and question was raised for first time on appeal.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 6, 1945. (Docket No. 64, Calendar No. 42,953.) Decided June 4, 1945.

Assumpsit by Wayne M. Saari against George C. Dates & Associates, Inc., a Michigan corporation, on a written contract of employment. Judgment for defendant. Plaintiff appeals. Affirmed.

*Arnold F. Zeleznik* and *John C. Quillinan,* for plaintiff.

*Rosen & Lippitt,* for defendant.

BOYLES, J. Plaintiff sued the defendant for breach of a written contract of employment, claiming that the defendant breached the contract by unlawful discharge. On trial in the circuit court for Wayne county without jury judgment of no cause of action was entered from which plaintiff appeals.

The provisions of the contract material to the issue herein are as follows:

"1. Dates (the defendant) hereby agrees to and does hire Saari (plaintiff) and Saari hereby accepts such employment and agrees to work for Dates, under Dates' supervision and control, in Dates' business for the treatment of hair and scalp in the city of Detroit, Michigan, and at such other place or places in such other cities of the United States as shall be designated therefor by Dates, for the period of one year, beginning with the date of the execution of this agreement, and such removal (renewal) thereof as is hereinafter provided in paragraph 2 hereof, unless such period of employment is terminated prior to any such expiration date as provided for hereinafter in paragraphs 9, 10, and 11 hereof.

"2. Saari shall devote his entire time, care, skill, energy and attention solely and exclusively to the development, creation, carrying on, and handling of the business of Dates for the treatment of the hair and scalp in the city of Detroit, Michigan, or such other place or places to which, hereafter, Saari shall be sent by Dates, always, however, under the supervision and control of Dates, Saari agreeing hereby to perform all such duties in all such places with his utmost personal care and skill.

"3. Saari shall perform such duties as shall be assigned to him from time to time by Dates, and conform to all the requirements of Dates as to the number of hours to be worked by him, and such other employees of Dates as shall hereafter be

placed under the management and supervision of Saari, both as to when such hours shall begin and end. Saari shall, in all other respects, abide by such regulations as Dates may be required hereafter to promulgate concerning working conditions.

\* \* \*

"10. Any breach of the terms and conditions of this contract by Saari shall entitle Dates, at his sole option, to terminate Saari's employment hereunder by giving two-weeks' written notice of such option to terminate the same to Saari, and at the expiration of said two-weeks' period, all rights of Dates to Saari's services shall cease and determine, likewise all rights of Saari to weekly salary under this agreement together with any bonus or additional compensation based on gross receipts as provided for in paragraph 4 hereof shall cease and determine, Saari hereby and herein releasing Dates for any and all further compensation as would, but for the breach of this agreement by Saari, have become payable to Saari under said paragraph 4 hereof. Failure of Dates to exercise the option to terminate Saari's employment under this paragraph shall not be construed as a waiver of Dates to such right to terminate thereafter."

Under this agreement plaintiff worked for defendant from February 1, 1942, until about February 15, 1943, at which time defendant discharged him. Plaintiff claims the discharge was without cause and sued for salary and bonus he would have received for the balance of that contract year. The sole issue as joined in the court below, and renewed here, was stated by counsel for the defendant as follows:

"It is our claim that the plaintiff in this case was to perform certain duties and had certain responsibilities under the contract. We claim that he breached it, and gave us reasonable cause to dis-

charge him under article 10 of the contract and we ask for a dismissal of the suit."

The execution of the contract is not questioned, and defendant admits having discharged the plaintiff. On the record before us the plaintiff made a *prima facie* case by proving the contract, testimony that he had performed it up to the time of his discharge, and proof of damages. The defendant then had the affirmative of proving that plaintiff had breached the contract, and that the discharge was legal.

"The general rule is that the party holding the affirmative of the issue takes the *onus* of proof, and that, in all instances where the right of action depends upon the negative averment, the party making it is charged with the burden of proving it. This is in obedience to the rule that the burden of proof is upon him who raises an issue which would be defeated if no proof was offered." *People* v. *Swineford,* 77 Mich. 573, 582.

"The court instructed the jury that the burden of proof rested upon the defendant to show by a fair preponderance of evidence that it had good and sufficient cause to discharge the plaintiff. It is insisted that the burden rested upon the plaintiff, and not upon the defendant. The plaintiff gave evidence tending to show that he had performed the contract up to the time of his discharge. The burden of proof was, of course, upon him to prove his contract and its performance up to that time. This made out his case. The burden then shifted to the defendant to show a legal excuse for his discharge. The defense was an affirmative one, like that of payment or satisfaction of a debt." *Milligan* v. *Sligh Furniture Co.,* 111 Mich. 629, 633.

"In assumpsit by the treasurer of a corporation on a contract of employment for a definite period

the burden is upon defendant to show sufficient cause for plaintiff's discharge." . *Hinchman* v. *Matheson Motor Car Co.* (syllabus), 151 Mich. 214.

"The general rule is that the burden of proof lies on the party who 'makes the averment even though it be a negative one.' Reynolds' Trial Evidence and Cross Examination (Pocket Ed.), p. 166." *Baker* v. *Costello,* 300 Mich. 686, 689.

For affirmance of the judgment the defendant relies on the provisions of the contract and proof of plaintiff's breach of the same. As noted before, the contract provides:

"Any breach of the terms and conditions of this contract by Saari shall entitle Dates, at his sole option, to terminate Saari's employment hereunder."

To prove a breach of the express provisions of the contract defendant introduced testimony as follows:

That plaintiff was not devoting his full time and attention to the business; that he had been spending a great deal of time away from his office; that he spent considerable time at the office of a competitor in the same business; that he was inattentive to business; that he used unclean, not sterilized implements; that plaintiff violated sanitary regulations under which the establishment was licensed; that he was abusive to employees and had an excessive labor turnover; that Dates had to hire employees, and bring employees from his home establishment in Philadelphia, quarter them in hotels in Detroit at increased operating costs. This testimony was denied by plaintiff who introduced correspondence to show that their relationship was friendly.

In a case tried by the circuit judge without a jury we do not reverse unless the evidence clearly

preponderates in the opposite direction. On the record before us the defendant has justified the discharge of plaintiff under terms of their contract by sufficient proof of breach of its provisions by the plaintiff.

Plaintiff's counsel now claim that in any event plaintiff is entitled to a judgment for two weeks' salary and bonus following the notice of his discharge, by virtue of paragraph 10 of the contract above quoted. This question is now raised for the first time, in this court. In the court below, plaintiff's counsel conceded that tender of payment of the above had been made by defendant and refused by plaintiff, and that the question of tender was "out." The record is silent as to whether the tender was kept good by deposit. No request was made that the circuit judge allow judgment for at least two weeks' salary and bonus and no proof was offered as to the amount of a two-weeks' bonus. This question was not raised in the lower court and the circuit judge was not in error in failing to consider the same.

Judgment affirmed, with costs.

Starr, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Reid, JJ., concurred.