LAMBERT v JIM CAUSLEY PONTIAC, INC

1. CONTRACTS—PRIMA FACIE CASE—BURDEN OF PROOF.

A plaintiff in a contract action has the burden of proving the existence of the contract and his entitlement to benefits thereunder; a plaintiff has produced evidence sufficient to make a prima facie case in his favor where the defendant agrees as to the existence of the contract and agrees that the plaintiff would be entitled to benefits, but for a forfeiture clause in the contract.

2. CONTRACTS—FORFEITURE—BURDEN OF PROOF.

The general rule is that the party holding the affirmative of the issue takes the onus of proof, and that, in all instances where the right of action depends upon the negative averment, the party making it is charged with the burden of proving it; therefore a defendant who contends in a contract action that the plaintiff has forfeited his right to benefits under the contract has the burden to prove the facts creating the forfeiture by a preponderance of evidence.

3. CONTRACTS—FORFEITURE—KNOWLEDGE—FINDINGS OF FACT.

The trial court was not clearly in error in holding, in a contract action in which the knowledge of the plaintiff of a forfeiture clause is at issue, that the defendant had failed in its burden of proving that plaintiff knew of the forfeiture clause before benefits under the contract were earned where the testimony before the trial judge was about equally divided and the plaintiff's testimony was that he did not know of the forfeiture clause.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 April 3, 1973, at Detroit. (Docket No. 14402.) Decided May 30, 1973.

Complaint by Joseph Lambert against Jim Caus-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 140–145.
[3] 29 Am Jur 2d, Evidence §§ 222, 499, 500.

ley Pontiac, Inc., for payment of profits earned in a profit-sharing program. Judgment for plaintiff. Defendant appeals. Affirmed.

*Hinks, Knight & Putnam,* for plaintiff.

*McClintock, Fulton, Donovan & Waterman* (by *Edward F. Langs),* for defendant.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

PER CURIAM. This Court has granted defendant's leave to appeal from a judgment of the Wayne Circuit Court. That court affirmed the judgment, of the Common Pleas Court of the City of Detroit for plaintiff, in the sum of $4,433.97.

This case involves an oral supervisor's profit-sharing plan. Plaintiff was an employee of defendant for several years until August 1, 1970, when he voluntarily terminated his employment. It is admitted that plaintiff was a participant in the plan. There appears to be no dispute over the amount of indebtedness, if defendant is held to be liable.

It is the position of defendant, on appeal, that the oral profit-sharing plan contained a forfeiture clause whereby employees who left voluntarily forfeited their deferred payments under the plan. Defendant further contends that the plaintiff knew of this forfeiture clause in advance of his announced intention to terminate his employment. Conflicting testimony was adduced by both sides.

The crucial issue thus becomes, which party must sustain the burden of proof?

It has been historical precedent that the plaintiff has the burden of proving the existence of the

contract and his entitlement to benefits thereunder. *People v Swineford,* 77 Mich 573 (1889).

Defendant agrees with plaintiff as to the existence of the contract. It further agrees that plaintiff would be entitled to benefits, but for the forfeiture clause. Therefore, the plaintiff has produced evidence sufficient, and agreed upon by defendant, to make a prima facie case in his favor.

Defendant contends plaintiff has forfeited his right to benefits under the contract. Where a forfeiture is claimed, the burden is upon the claimant to prove the facts creating the forfeiture, *Saari v George C Dates & Associates, Inc,* 311 Mich 624 (1945).

Therefore, defendant had the burden of proving that the plaintiff knew about the forfeiture clause during the time he was earning the deferred payments, prior to his resignation.

In *Saari, supra,* the following language appears:

"The general rule is that the party holding the affirmative of the issue takes the *onus* of proof, and that, in all instances where the right of action depends upon the negative averment, the party making it is charged with the burden of proving it. This is in obedience to the rule that the burden of proof is upon him who raises an issue which would be defeated if no proof was offered. *People v Swineford,* 77 Mich 573, 582." *Saari supra,* at 628.

It is equally clear that a preponderance of evidence is necessary to sustain the burden of proof, 3 Callaghan's Michigan Pleading & Practice, § 36.128, pp 550–554.

GCR 1963, 517.1 states:

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial

court to judge the credibility of those witnesses who appeared before it."

The testimony before the trial judge was about equally divided between former employees saying they were not aware of the forfeiture clause and present employees saying that they were aware of it. Under these circumstances, along with plaintiff's testimony that he did not know of the forfeiture clause, the trial court was not clearly erroneous in holding that the defendant had failed in its burden of proving that plaintiff knew of the forfeiture clause before the deferred payments were earned. *Westdale Co v Gietzen,* 29 Mich App 564 (1971).

The circuit court, therefore, did not err in affirming the trial court.

Affirmed. Costs to plaintiff.