HELEN MARIE NUSZ, APPELLANT, V. WELLS
MANUFACTURING CORPORATION ET AL., APPELLEES.

332 N.W.2d 204

Filed April 8, 1983. No. 82-043.

Michael G. Helms of Schmid, Ford, Mooney &
Frederick, for appellant.

Terrence D. O'Hare and J. Scott Paul of Boland,
Mullin & Walsh, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and
SPRAGUE, D.J., and COLWELL, D.J., Retired.

WHITE, J.

At issue in this appeal is the refusal of the trial
court to admit into evidence a deep-fat fryer manu-
factured by appellee Wells Manufacturing Corpora-
tion. The appellant, Helen Marie Nusz, alleged in
her petition that the fryer was defectively manu-
factured and/or assembled. The petition further al-
leged that by reason of a defect in a locking
mechanism, the heating element, which was de-
signed to swing up and remain up during cleaning,
released itself and fell, injuring the hand of the ap-
pellant.

(1)

The spring mechanism, if operating properly, pulled a support bar similar to a kick stand back into a fixed position. The bar would then have to be released by a deliberate act of pushing the heating element back, pulling the support bar forward, and allowing the element to be lowered into the well of the fryer. The appellant maintained throughout trial that the spring mechanism was defective on the fryer because it failed to pull the support bar back when the heating element was raised. Thus, the bar had to be placed back in a support position manually and had a tendency to slip out from under the weight of the heating element.

The trial court excluded the fryer from evidence for the reason that the witnesses were not able to testify that the machine was in the same condition as when it was delivered, or at the date of the accident, although by inference the description of the accident coincided with a defective spring placement and the repairman that fixed the fryer after the accident could remember generally the position of the spring. We hold that it was not prejudicial error to exclude the fryer from evidence.

The evidence presented to the jury consisted of extensive testimony concerning the alleged faulty placement of the spring, a demonstration performed on the actual fryer, a demonstration fryer which was almost identical, and finally a video tape of the actual fryer at the place of appellant's employment, which showed the general characteristics of the support bar. The video tape was shown to the jury during trial and again during deliberation.

Nebraska law is clear that " ' "The exercise by the trial court of its discretion in ruling on the admission or rejection of evidence will generally not be reviewed by an appellate court, unless it is clearly or plainly shown that the trial court abused its discretion.

" ' "Application of this principle has been made to rulings relating to the reception of evidence the ad-

missibility of which turns upon its relevancy, evidence collateral to the main issue, or which bears remotely on issues involved; and to rulings relating to cumulative evidence, opinion evidence, evidence concerning a matter of common knowledge, and evidence which is otherwise competent but is claimed to have a tendency to excite undue prejudice." ' " *Stephen v. City of Lincoln,* 209 Neb. 792, 796, 311 N.W.2d 889, 893 (1981); *Westover v. Kerr,* 168 Neb. 494, 96 N.W.2d 421 (1959).

From a search of the record we conclude that the evidence offered was cumulative, that its admission was directed to the sound discretion of the trial court, and there was no abuse of discretion. *Shover v. General Motors Corp.,* 198 Neb. 470, 253 N.W.2d 299 (1977); Neb. Rev. Stat. §§ 27-401 and 27-402 (Reissue 1979).

The judgment of the trial court is affirmed.

AFFIRMED.