RASCH v CITY OF EAST JORDAN

Docket No. 76295. Submitted December 6, 1984, at Grand Rapids.—
Decided March 5, 1985.

Plaintiff, Herman R. Rasch, brought an action in the Charlevoix
Circuit Court against his former employer, the City of East
Jordan, alleging wrongful termination of employment. Plaintiff
also brought a claim for damages under the Open Meetings
Act. The trial court, Martin B. Breighner, J., granted an
accelerated judgment to the defendant on the claim under the
Open Meetings Act and the jury returned a verdict of no cause
of action in regard to the wrongful termination claim. Plaintiff
appeals from both the order and the judgment entered in this
case. *Held:*

1. The trial court properly granted the accelerated judgment.
Plaintiff's action was not commenced within 180 days after the
date of the violation and, therefore, did not comply with the
period of limitation provided in the Open Meetings Act.

2. The trial court erroneously neglected to instruct the jury
that the burden of proof as to whether the plaintiff was
discharged for just cause was on the defendant.

3. The trial court gave erroneous instructions regarding the
need for a mutual understanding that plaintiff would be dis-
charged for just cause only. The instruction was erroneous
because it required plaintiff to have knowledge of a just cause
termination clause when only knowledge of the policy manual
and its application to plaintiff was required. The trial court's

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 36.
[2] 29 Am Jur 2d, Evidence § 127 *et seq.*
[3] 29 Am Jur 2d, Evidence § 126.
[3, 5] 53 Am Jur 2d, Master and Servant § 60 *et seq.*
  Modern status of rule that employer may discharge at-will em-
  ployee for any reason. 12 ALR4th 544.
[4] 4 Am Jur 2d, Appeal and Error § 537.
  75 Am Jur 2d, Trial § 589.
[5] 53 Am Jur 2d, Master and Servant § 17.
[6] 56 Am Jur 2d, Municipal Corporations § 275 *et seq.*

jury instruction that city council members individually have no power to bind the municipality was not erroneous.

Affirmed in part and reversed in part.

1. LIMITATION OF ACTIONS — OPEN MEETINGS ACT.

The Open Meetings Act provides that a civil action brought against a public official who intentionally violates the act shall be commenced within 180 days after the date of the violation which gives rise to the cause of action (MCL 15.273; MSA 4.1800[23]).

2. TRIAL — BURDEN OF PROOF.

The burden of proof generally rests upon one who has the affirmative of an issue necessary to his cause of action or defense.

3. ACTIONS — WRONGFUL DISCHARGE FROM EMPLOYMENT — PRIMA FACIE CASE — BURDEN OF PROOF.

The plaintiff in a wrongful discharge from employment case makes a prima facie case by proving the contract, producing testimony that he had performed it up to the time of his discharge, and proving damages; the defendant then has the burden of proving that plaintiff had breached the contract and that the discharge was legal; the burden of proof is upon plaintiff to prove his contract and its performance up to the time of discharge; the burden then shifts to the defendant to show a legal excuse for his discharge.

4. TRIAL — JURY INSTRUCTIONS — APPEAL.

It is error for a trial court to refuse to give requested jury instructions which correctly state the law applicable to the facts and such error requires reversal if it might have altered the results.

5. CONTRACTS — EMPLOYMENT CONTRACTS — MUTUAL ASSENT.

Employment contracts, like other binding agreements, must be the product of informed understanding and mutual assent; however, there need not be mutual understanding or reliance by the employee on a particular just cause termination policy to bring an action for unjust termination since only knowledge of the employer's policy manual and its application to the plaintiff-employee is required for an action alleging wrongful termination of employment.

6. MUNICIPAL CORPORATIONS — OFFICERS — CONTRACTS.

A municipal officer may bind a municipality individually where such an officer is empowered to do so by the city charter.

*Mark A. Risk,* for plaintiff.

*Hayes & Beatty* (by *Roy C. Hayes),* for defendant.

Before: R. M. MAHER, P.J., and ALLEN and R. E. ROBINSON,* JJ.

PER CURIAM. Plaintiff brought this suit against his former employer, the defendant, for wrongful termination. He claimed an oral contract of employment based upon the representations of a city council member that as long as plaintiff did his job he would continue to be employed. Plaintiff also claimed that he was discharged without cause on an implied contract that he would be discharged for cause only, based upon his reasonable expectation that defendant's policy and benefits manual provided a contract of employment wherein plaintiff could be dismissed only upon a showing of just cause. The jury returned a verdict of no cause of action and plaintiff appeals as of right.

I

Plaintiff also appeals as of right from the grant of accelerated judgment, GCR 1963, 116.1(5), denying his claim for damages under the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.,* for failure to comply with the statute of limitations. We affirm that order. Plaintiff argues that it was improperly granted because he raised a material issue of fact as to whether minutes of the meeting were ever published. However, that factual issue has no bearing on the time limits for bringing an action under this act. Plaintiff requested in his complaint $500 in damages pursu-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

ant to MCL 15.273; MSA 4.1800(23). An action under that section must be commenced within 180 days after the date of the violation. MCL 15.273(2); MSA 4.1800(23)(2). As more than 180 days had elapsed, it was irrelevant whether the minutes of the meeting were made available to the public.

## II

Plaintiff argues that the trial court erred in failing to instruct the jury that defendant had the burden of proving that just cause existed for dismissing plaintiff.

In instructing the jury, the trial court defined each party's theory of the case: that plaintiff alleged the existence of an employment contract providing that he could be dismissed for just cause; and that defendant alleged that, while it did not need cause because plaintiff served at its will, good cause was present for its decision to discharge plaintiff. The trial court next defined burden of proof, then stated:

"The plaintiff, Herman Rasch, has the burden of proof on each of the following propositions:

"(1) That an employment contract was entered into between the parties;

"(2) The burden of proof to establish the terms and conditions of that contract, including that one of the terms and conditions was termination for just cause;

"(3) That defendant, City of East Jordan, breached the contract;

"(4) That plaintiff sustained damages as a result of such breach of contract.

"Your verdict will be for the plaintiff if you find that the parties entered into an employment contract; that the contract was breached by defendant; and as a result of such breach plaintiff sustained damages."

Further on, the court told the jury:

"You must first decide from the evidence as to whether or not the contract between the parties required the existence of just cause for termination. If you find just cause to be a term or condition of the contract, you must then decide from the evidence as to the presence or absence of just cause. * * *

"In order to find for the plaintiff you must find from the evidence that there existed a mutual understanding that plaintiff would be discharged for good or just cause only. If you find a just cause contract was entered into between the parties in this case, you must then determine if Mr. Rasch was discharged for just or good cause. It is for you to decide this issue from the evidence in this case. * * *

"If you find defendant terminated plaintiff for just cause, your verdict will be for the defendant.

"If you find defendant terminated plaintiff without just cause, your verdict will be for the plaintiff."

We find no error in the instructions that the trial court gave; the error lies in the instructions that the court neglected to give, for it failed to inform the jury that the burden of proof as to whether plaintiff was discharged for just cause was on defendant.

As a general rule, the burden of proof rests upon one who has the affirmative of an issue necessary to his cause of action or defense. 11 Michigan Law & Practice, Evidence, § 21, p 159. In a wrongful-discharge case, the plaintiff makes a prima facie case by proving the contract, producing testimony that he had performed it up to the time of his discharge, and providing proof of damages; the defendant then has the affirmative of proving that plaintiff had breached the contract, and that the discharge was legal. *Saari v George C Dates & Associates, Inc,* 311 Mich 624, 628; 19 NW2d 121 (1945). The burden of proof is upon plaintiff to prove his contract and its performance up to the time of discharge; the burden then shifts to the

defendant to show a legal excuse for his discharge. *Johnson v Jessop,* 332 Mich 501, 503; 51 NW2d 915 (1952); *Milligan v Sligh Furniture Co,* 111 Mich 629, 633; 70 NW 133 (1897). In *Lambert v Jim Causley Pontiac, Inc,* 47 Mich App 620, 622; 209 NW2d 619 (1973), this Court ruled that plaintiff made a prima facie case by producing evidence that there was an employment contract and that he would be entitled to profit-sharing benefits. The burden then shifted to defendant to prove its claim that plaintiff knew that there was a forfeiture clause in the contract. The court in *Goodwyn v Sencore, Inc,* 389 F Supp 824, 829 (D SD, 1975), observed:

"The majority of jurisdictions take the position that in an action for an alleged wrongful discharge the burden rests upon the employer to prove that the employee has breached the contract and that the discharge was based upon a legal excuse."

Plaintiff's claims in this case are based on the Supreme Court's decision in *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), in which the Court recognized that an employer's express agreement to terminate only for good cause, or company policy statements to that effect, can give rise to enforceable contract rights. As defendant points out, the majority opinions in *Toussaint* and its companion case, *Ebling v Masco Corp,* do not specifically address the burden of proof question. Justice RYAN's separate opinion in *Ebling, supra,* notes that sufficient evidence was introduced to permit the jury to infer that defendant's decision to discharge plaintiff was not for cause, without discussing where the burden of proof lies in a close case. 408 Mich 635-636. In his dissent to *Toussaint,*

Justice RYAN notes that plaintiff had the burden of proving that the termination-for-just-cause language in the Supervisory Manual was part of his employment contract, *id.,* pp 641-642, but he does not discuss who has the further burden of proving whether the termination was for just cause.

Decisions by this Court based on *Toussaint* also have not reached the burden of proof question. Evidently the weight of each party's testimony was not so similar as to compel resort to burden of proof rules. *Cf., Lambert, supra,* p 623.

This Court recently ruled that the defendant employer in a *Toussaint* type case should have been granted a directed verdict after the employee testified about illegal transactions he had made in the course of his employment. *Obey v McFadden Corp,* 138 Mich App 767; 360 NW2d 292 (1984). To the extent that this decision implies that the burden is on plaintiff to show that there was no just cause for his discharge, we disagree with that holding.

Plaintiff in this case requested an instruction that the burden of proof was on defendant to show that the discharge was for just cause. When the trial court omitted the instruction, plaintiff objected and later moved for judgment notwithstanding the verdict, or new trial, based in part on this alleged error. It is erroneous to refuse to give requested jury instructions which correctly state the law applicable to the facts, and the error requires reversal if it might have altered the results. *Timmerman v Universal Corrugated Box Machinery Corp,* 93 Mich App 680, 684; 287 NW2d 316 (1979). Defendant argues that there was abundant evidence that there was no contract. However, as there was no special verdict, we cannot assume that the jury verdict was based on this evidence, making the omitted instruction harmless

error. Defendant also argues that there was abundant testimony that there was just cause for plaintiff's termination, and plaintiff conceded as much in its post-trial brief, but there may well have been testimony from plaintiff disputing this. (As the parties stipulated to transmit only a small portion of the transcript, we are unable to review the quantum of the evidence.) If the testimony was about equally divided, omission of the burden-of-proof instruction could have been critical. We must, therefore, reverse.

### III

We also conclude, based on *Toussaint,* that the trial court gave erroneous instructions regarding the need for a mutual understanding that plaintiff would be discharged for just cause only. One of plaintiff's causes of action alleged an employment contract which provided that discharge was for just cause only, based upon the Policy & Benefits Manual of the defendant.

In its instructions to the jury, the trial court made the following two statements objected to by plaintiff:

"As to the finding you must make concerning whether or not just cause was a term or condition of the contract, the following principles of law are applicable:

"(1) The employment contracts, like other binding agreements, are the product of informed understanding and mutual assent. The relationship is a product of a meeting of the minds expressed by some offer by one to employ, or to work for the other, and an acceptance of the offer * * *

\*     \*     \*

"In order to find for the plaintiff you must find from the evidence that there existed a mutual understanding

that plaintiff would be discharged for good or just cause only. If you find a just cause contract was entered into between the parties in this case, you must then determine if Mr. Rasch was discharged for just or good cause."

Plaintiff correctly points out that the majority in *Toussaint* expressly stated that a meeting of the minds is not necessary to find that policy manual statements created contractual rights:

"No pre-employment negotiations need take place and the parties' minds need not meet on the subject; nor does it matter that the employee knows nothing of the particulars of the employer's policies and practices or that the employer may change them unilaterally." *Toussaint, supra,* p 613. (Footnote omitted.)

The Court pointed out in a footnote that it was therefore unnecessary for Toussaint to prove reliance on the policies set forth in the manual. Justice RYAN, writing for the three dissenters, disagreed, stating that employment contracts, like other binding agreements, are the product of informed understanding and mutual assent as to the subject matter. 408 Mich 646. The dissent found no evidence from which the trier of fact was entitled to conclude that the requisite mutual assent or meeting of the minds occurred on the proposition that the defendant's manual constituted plaintiff's employment contract as claimed. *Id.,* p 647.

The first instruction cited above was not erroneous. *Toussaint* did not do away with the need for informed understanding and mutual assent in employment contracts. *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 478; 308 NW2d 459 (1981), *lv den* 414 Mich 870 (1982). However, the second part of the instruction quoted above was erroneous, because there need not be mutual understand-

ing or reliance by the employee on a particular just cause termination policy. The instruction was erroneous because it required plaintiff to have knowledge of a just cause termination clause when only knowledge of the policy manual and its application to plaintiff was required.

## IV

Plaintiff's further objection to the trial court's instruction that city council members individually have no power to bind the municipality is unfounded. Although municipal officers can bind a municipality individually, if empowered to do so by the city charter, *Superior Ambulance Service v Lincoln Park,* 19 Mich App 655; 173 NW2d 236 (1969), in this case plaintiff relied on the representations of a city council member, not a municipal officer. The trial court's instruction was not erroneous on this point.

Because the trial court's instructions on the burden of proof and mutual assent requirement on the just cause issue were erroneous, we reverse.

Affirmed in part and reversed in part.