**Bruce MALONEY, Plaintiff,**

v.

**CRAFT–TECH, INC., Defendant.**

**Richard PILKINGTON, Jr., Plaintiff,**

v.

**CRAFT–TECH, INC., Defendant.**

**Civ. A. Nos. 87–30005 PH, 87–30006 PH.**

United States District Court,
E.D. Michigan, S.D.

Dec. 23, 1988.

Malcolm D. Brown, The Fishman Group, Bloomfield Hills, Mich., for defendant.

George B. Washington, Detroit, Mich., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, Senior District Judge.

This matter is before the Court for *de novo* review pursuant to 28 U.S.C. § 636(b)(1). The Magistrate recommends dismissal of both counts of the plaintiffs' complaints, on the basis of federal preemption. Objections to this recommendation having been timely filed, the Court will now consider the Magistrate's recommendations in light of these objections.

### I.

The facts of this case are uncomplicated. The defendant hired the plaintiffs in 1984 and 1985. In July of 1986, the National Labor Relations Board (NLRB) certified the United Automobile Workers Union (UAW) as exclusive bargaining representative for the defendant's employees. In November of 1986, and prior to the signing of a formal collective bargaining agreement, the defendant and the UAW agreed that future employee layoffs would be based upon ability first, and in the event of equal ability, then seniority. In December of

1986, the defendant "laid off" both plaintiffs, members of the collective bargaining unit. The defendant recalled both plaintiffs in June of 1987.

■ The plaintiffs filed suit on December 17, 1986, in state court. The defendant subsequently removed the cases to this Court, and plaintiffs thereafter amended their complaints. Thus, the pertinent allegations for purposes of the defendant's summary judgment motion include charges of breach of the layoff agreement by the defendant (Count I), and breach of an implied employment contract (Count II). It is important to recognize at the outset that the plaintiffs are entitled to plead in the alternative, and inconsistent allegations are not fatal to their complaints. Fed.R.Civ.P. 8(e)(2). Such pleadings are, of course, subject to the good faith requirements of Federal Rule of Civil Procedure 11.

## II.

The defendant, through its motion, appears to set forth two grounds for dismissing Count I of the plaintiffs' complaints. First, defendant asserts that the plaintiffs' claims for breach of the layoff agreement are preempted under the doctrine of *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) (*Garmon* preemption). Second, the defendant produces testimony of the plaintiffs indicating their belief that the layoffs resulted from the defendant's anti-union sentiments, presumably to establish that the claims fall outside the terms of the layoff agreement.

■ The Court will address the second theory first. It seems that even if uncontroverted facts exist, as apparently they do, establishing that the plaintiffs felt the sole *reason* for their dismissals involved their pro-union activities, the defendant's actions may still have breached the ability/seniority layoff agreement. The defendant's reason for violating the lay-off agreement is, as far as the Court is aware, irrelevant. The relevant issue, simply whether a breach occurred, remains unresolved. Summary judgment on this basis is therefore premature, since genuine issues of material fact continue to exist. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Regarding *Garmon* preemption, the Court believes the instant facts fall within the principle enunciated in *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1961). In *Evening News*, the Supreme Court acknowledged its earlier directive that federal courts are without jurisdiction to hear claims based upon unfair labor practices as defined in section 8 of the National Labor Relations Act (NLRA), 29 U.S.C. § 158. Yet the Court further recognized that allowing employees to sue employers for violations of labor agreements, as provided for in section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, does not displace the authority of the NLRB to deal with unfair labor practices. This authority, the Court stated, "is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301." 371 U.S. at 197, 83 S.Ct. at 269; *see also Carey v. Westinghouse Electric Corp.*, 375 U.S. 261, 268, 84 S.Ct. 401, 407, 11 L.Ed.2d 320 (1964). In fact, a later decision suggests that "the Garmon doctrine is 'not relevant' to actions within the purview of § 301." *William E. Arnold Co. v. Carpenters District Council of Jacksonville and Vicinity*, 417 U.S. 12, 16, 94 S.Ct. 2069, 2072, 40 L.Ed.2d 620 (1974), citing *Teamsters Local v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). The defendant's characterization of the holding in *Serrano v. Jones & Laughlin Steel Co.*, 790 F.2d 1279 (6th Cir.1986), that "the NLRB has exclusive jurisdiction over disputes between individual employees and their employer arising out of an agreement between the employee's union and the employer where the conduct complained of is *arguably* protected or prohibited by the NLRA" is simply erroneous. A correct reading of *Serrano* reveals that the court preempted only those claims pertinent to fraud in the bargaining process. *Serrano*, 790 F.2d at 1286–1288. The claims arising out of the collective bargaining agreement

itself were held properly retained by the district court in the face of a *Garmon* challenge. *Id.* at 1288.

Finally, *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), does not alter resolution of this matter. *Vaca* merely precludes an employee from suing an employer under section 301 if the employee fails to exhaust grievance remedies contained in a collective bargaining agreement. 386 U.S. at 184, 87 S.Ct. at 913. In the case at hand, the defendant has offered no evidence of the existence of such a provision in the relevant labor agreement. The Court therefore finds that the plaintiffs, having adequately alleged violations of a union/employer labor agreement, and not being subject to any contractual grievance procedure, are properly before the Court with respect to Count I of their complaint.

### III.

■ The defendant challenges the second count of plaintiffs' complaints under section 301 preemption.[1] A recent Supreme Court decision controls the Court's resolution of this matter. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Generally, disputes requiring the interpretation of labor agreements are within the exclusive jurisdiction of section 301, and the federal common law developed to enforce this provision. *See Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103–104, 82 S.Ct. 571, 576–577, 7 L.Ed.2d 593 (1962). As the *Lingle* Court instructed, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law ... is preempted and federal labor-law principles ... must be employed to resolve the dis-

pute." 486 U.S. at ——, 108 S.Ct. at 1881, 100 L.Ed.2d at 418–419 (footnote omitted). Thus, in *Lingle,* the Court found that the plaintiff's state law action for retaliatory discharge required no interpretation of the collective bargaining agreement, and was therefore not preempted. In sum, "even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claims can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for section 301 pre-emption purposes." *Id.* 486 U.S. at ——, 108 S.Ct. at 1883, 100 L.Ed.2d at 421 (footnote omitted).

■ The Court believes that *Lingle* dictates a finding in the present case of no section 301 preemption. The only labor agreement at issue involves the ability/seniority layoff scheme. While a finding that the defendant breached this provision might support the plaintiffs' cause of action for breach of a "just cause" employment contract, and suggest preemption, a finding that the defendant did not breach this provision does not absolutely prevent liability for breach of a "just cause" contract. Numerous additional actions by the defendant could constitute a breach, and as stated previously, it is not the plaintiffs' duties to establish the defendant's motives for termination. Thus, "the state law claim can be resolved without interpreting the agreement itself." *Lingle, supra.* The Court therefore holds that the plaintiffs' claims for breach of an implied employment contract, arising under state law, are not preempted under section 301 of the Labor Management Relations Act, as these

---

**1.** We do not believe *Garmon* preemption applies to these counts, in that the allegations focus solely upon the relationship between the plaintiffs and the defendant, and require no consideration of the relationship between the union, the plaintiffs, and the defendant. *See N.L.R.B. v. Exchange Parts Co.,* 375 U.S. 405, 84 S.Ct. 457, 11 L.Ed.2d 435 (1964).

Furthermore, under the implied employment contract cases arising from *Toussaint v. Blue Cross and Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980), the burden is on an employer to establish that termination was justi-

fied after a finding that a "just cause" contract exists. *Rasch v. City of East Jordan,* 141 Mich. App. 336, 367 N.W.2d 856 (1985). The plaintiffs, therefore, are not precluded from pursuing this cause of action because they believe the layoffs resulted from their union activities. This finding is consistent with the Court's earlier directive that the plaintiffs' beliefs concerning the motives surrounding their layoffs are irrelevant to a determination of whether the defendant breached the pertinent labor agreement. *See supra* p. 625.

claims do not require the interpretation of the pertinent labor agreement. The defendant's motion for summary judgment as to Count II is DENIED.

## IV.

Based upon the foregoing, the Court DENIES the defendant's motion for summary judgment as to both counts of the plaintiffs' complaints.

IT IS SO ORDERED.