STEPHANIE WRIGHT, APPELLANT, V. GLEN FORNEY ET AL., APPELLEES.

444 N.W.2d 895

Filed September 1, 1989.   No. 87-220.

Michael J. Javoronok, of Holtorf, Kovarik, Nuttleman, Ellison, Mathis & Javoronok, P.C., and Tamara M. Haas, of Collins, Ribble, Meyer & Wood, for appellant.

William P. Mueller and Rita C. Grimm, of McGinley, Lane, Mueller, O'Donnell & Williams, P.C., and William M. Lamson, Jr., and Patricia A. Zieg, of Kennedy, Holland, DeLacy & Svoboda, for appellees.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

WHITEHEAD, D.J.

The plaintiff, Stephanie Wright, appeals from a jury verdict for the defendants, Glen Forney and Gerhard Schmitz, individually and doing business as Scottsbluff Surgical

Associates, and West Nebraska General Hospital. The issue presented on appeal is whether or not the district court committed error in refusing the introduction of rebuttal evidence offered by the plaintiff.

In the abbreviated record presented to the court, it appears the facts are that the appellant was treated by the appellee Glen Forney, M.D. On January 31, 1983, Forney performed a loop gastrojejunostomy on the appellant, who was an obese person. The procedure is designed to create a stomach with a very small capacity. The small stomach pouch is created by stapling off a substantial portion of the patient's stomach. The small intestine is then attached to the newly created stomach pouch, with a small opening connecting the two. The newly created stomach has only a very limited capacity and empties quite slowly. The result is weight loss.

Following the surgery, the appellant's hospital course of recovery was essentially normal. From the beginning, she had nausea and difficulty keeping liquids down, but this was not abnormal for people having this type of surgery. It appeared she was making steady improvement until the evening of February 8, when she began vomiting more substantial amounts of green liquid, at which time the appellee Forney ordered that she be given nothing by mouth and that x rays of the upper gastrointestinal tract be taken the morning of February 9.

Before these procedures could be performed, the appellant experienced cardiopulmonary arrest in the early morning of February 9. It appears that a leak had occurred, allowing the stomach contents to spill into the peritoneum (the sac surrounding the intestines). These contents contaminated the abdomen, and peritonitis developed. The appellant developed a very rapid pulse, a drop in blood pressure, and a high temperature. She apparently breathed vomit into her lungs and went into cardiac arrest. At that point, appropriate measures were taken to revive the appellant and deal with the crisis, and her life was saved.

At the conclusion of the defendants' case, the appellant requested that Dr. Roy Cohn, who testified in the appellant's case and had returned to California, be deposed over the phone to offer evidence in rebuttal testimony to the appellees' experts.

Appellant suggested that Cohn be put under oath in California and the testimony be transcribed in Gering, Nebraska. As an alternative, the appellant's counsel requested that the audiotape of the deposition be played. Over objections of the appellees, the court ordered the deposition be taken, but did not rule at the time whether it would be permitted to be presented to the jury. After reading the telephonic deposition, the court refused the offer of the rebuttal testimony.

The appropriate standard of review for an assignment of error directed at the exclusion of evidence is one of abuse of discretion. The admission or exclusion of evidence is initially left to the discretion of the trial court, which must determine the relevancy and possible prejudicial effects of the proffered evidence. *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984); *State v. Jones*, 213 Neb. 1, 328 N.W.2d 166 (1982). Rebuttal evidence is confined to that which explains, disproves, or counteracts evidence introduced by the adverse party. *Cromer v. Farmland Service Coop, Inc.*, 198 Neb. 355, 252 N.W.2d 635 (1977); *McClellan v. Hein*, 56 Neb. 600, 77 N.W. 120 (1898). Rebuttal is not intended to give a party an opportunity to tell his story twice or to present evidence that was proper in his case in chief.

From a search of the record, we conclude that the evidence offered was cumulative and not proper rebuttal; its admission was directed to the discretion of the trial court; and there was no abuse of discretion. See, *Nusz v. Wells Mfg. Corp.*, 214 Neb. 1, 332 N.W.2d 204 (1983); *Shover v. General Motors Corp.*, 198 Neb. 470, 253 N.W.2d 299 (1977); Neb. Rev. Stat. §§ 27-401 and 27-402 (Reissue 1985).

AFFIRMED.