493 N.W.2d 348 (1992)
Donald L. STERN, Appellant,
v.
ON TIME FREIGHT SYSTEM, INC., Appellee.
No. A-90-646.
Court of Appeals of Nebraska.
October 20, 1992.
*349 Warren S. Zweiback and George R. Love of Zweiback, Hotz & Lamberty, P.C., Omaha, for appellant.
*350 James Martin Davis, Omaha, for appellee.
SIEVERS, C.J., and CONNOLLY and MILLER-LERMAN, JJ.
MILLER-LERMAN, Judge.
On March 3, 1986, appellant, Donald L. Stern, entered into an employment contract with appellee, On Time Freight System, Inc. The term of the contract was for 4 years. Stern was designated the vice president of sales. The contract generally outlined his duties to the company and listed his compensation. Although Stern is trained as a lawyer with skill in Interstate Commerce Commission matters, his position with On Time primarily involved sales in the freight industry. In May 1988, Stern was discharged with approximately 21 months remaining on his employment contract. Stern alleges he was discharged without cause, in violation of the employment contract, and filed an action for wrongful discharge in the Douglas County District Court. A jury returned a verdict for On Time. Stern subsequently perfected this appeal asserting that (1) the trial court's jury instructions wrongly placed the burden of proving good cause or lack of good cause for discharge on Stern, and incorrectly stated the measure of damages with respect to the issue of Stern's duty to mitigate damages, and (2) the trial court erred in refusing to allow certain testimony of a rebuttal witness. For the reasons recited below, we agree that the trial court failed to properly instruct the jury as to which party had the burden to prove good cause for Stern's discharge and therefore remand the cause for a new trial.

JURY INSTRUCTIONS: BURDEN OF PROOF
On appeal, Stern contends that the trial court erred in instructing the jury that the burden of proof was on the employee to prove that his termination was without good cause.
The Nebraska Supreme Court has consistently held that it is reversible error to give a jury instruction which places the burden of proof on the wrong party. Hersch Buildings, Inc. v. Steinbrecher, 198 Neb. 486, 253 N.W.2d 310 (1977).
The challenged instructions in the instant case provide as follows:

INSTRUCTION NO. 10
Before the plaintiff can recover against the defendant on this claim of breach of contract, the plaintiff must prove, by the greater weight of the evidence, each and all of the following:
1. That the plaintiff substantially performed the terms of the employment contract up to the time of his termination, and that he was prevented from completing the performance of his employment contract by reason of his termination by the defendant without cause;

2. The breach of contract was a proximate cause of some damage to the plaintiff; and
3. The nature, extent, and amount of damages sustained by the plaintiff.
If the plaintiff has not met this bruden [sic] of proof, then your veridct [sic] must be for the defendant.
On the other hand, if the plaintiff has met this burden of proof, then your verdict must be for the plaintiff.
(Emphasis supplied.)

INSTRUCTION NO. 12
You are instructed that an employer may not discharge an employee hired to work for that employer for a definite term unless a just cause for that discharge exists.
Just cause has been defined as causes inherent in and related to qualifications of the employee or a failure to properly perform some essential aspect of the employee's job function.
Just cause relates to an employee's competence, ability and willingness to substantially perform his job duties.
In determining whether just cause exists, you must consider whether Plaintiff adequately performed his duties under the contract. The test is not whether another person could have performed better, but whether Plaintiff's performance was so inadequate as to make substantial performance of the contract *351 impossible or cause a substantial detriment to the employer's business.
If you find that Plaintiff was discharged for just cause, then your verdict must be for Defendant.
In an action for breach of an employment contract, the burden of proving the existence of a contract "and all the facts essential to the cause of action is upon the person who asserts the contract." Stiles v. Skylark Meats, Inc., 231 Neb. 863, 865, 438 N.W.2d 494, 496 (1989) (citing Smith v. City of Omaha, 220 Neb. 217, 369 N.W.2d 67 (1985), in which the employee's failure to introduce the labor agreement into evidence was fatal to his wrongful discharge claim). In Stiles, the employee had entered into a written agreement with the meat company in 1979 which provided that the company could terminate Stiles only if Stiles breached the terms of the agreement or for good cause. Stiles asserted that he had been discharged for complying with U.S. Department of Agriculture regulations, and therefore, the company had wrongfully discharged him. The Nebraska Supreme Court stated that Stiles had the burden of proving his contract of employment with Skylark Meats and that Skylark Meats breached that contract by firing him for other than good cause. The burden then shifted to Skylark Meats to prove that good cause indeed existed for Stile's discharge. See, Stoffel v. Metcalfe Construction Co., 145 Neb. 450, 17 N.W.2d 3 (1945). See, also, Rasch v. East Jordan, 141 Mich.App. 336, 367 N.W.2d 856 (1985); Pugh v. See's Candies, Inc., 116 Cal. App.3d 311, 171 Cal.Rptr. 917 (1981); Rosecrans v. Intermountain Soap & Chem. Co., 100 Idaho 785, 605 P.2d 963 (1980). Each of the cases relied on by the Nebraska Supreme Court in Stiles for the proposition that the burden of proving good cause for discharge shifts to the employer holds that the employer has the burden of establishing that it fired an employee for good cause. See Stoffel v. Metcalfe Construction Co., supra. See, also, Pugh v. See's Candies, Inc., supra (holding that once the plaintiff has demonstrated a prima facie case of wrongful termination in violation of his employment contract, the burden shifts to the employer to produce evidence as to why the employee was terminated); Rosecrans v. Intermountain Soap & Chem. Co., 100 Idaho at 787, 605 P.2d at 965 (holding that once the employee has established a termination in violation of the employment contract, the "employer has the burden of proving the existence of good cause for the termination").
The court finds the opinion in Rasch v. East Jordan, supra, especially instructive in resolving the case at bar. In Rasch, the Michigan Court of Appeals considered a jury instruction placing the burden of proof as to good cause on the employee in a wrongful discharge case. On appeal, the court in Rasch found that the instruction wrongly placed the burden as to good cause on the employee. The jury instruction in Rasch provided:
"The plaintiff, Herman Rasch, has the burden of proof on each of the following propositions:
"(1) That an employment contract was entered into between the parties;
"(2) The burden of proof to establish the terms and conditions of that contract, including that one of the terms and conditions was termination for just cause;
"(3) That defendant, City of East Jordan, breached the contract;
"(4) That plaintiff sustained damages as a result of such breach of contract.
"Your verdict will be for the plaintiff if you find that the parties entered into an employment contract; that the contract was breached by defendant; and as a result of such breach plaintiff sustained damages."
Further on, the court told the jury:
"You must first decide from the evidence as to whether or not the contract between the parties required the existence of just cause for termination. If you find just cause to be a term or condition of the contract, you must then decide from the evidence as to the presence or absence of just cause....
"In order to find for the plaintiff you must find from the evidence that there existed a mutual understanding that *352 plaintiff would be discharged for good or just cause only. If you find a just cause contract was entered into between the parties in this case, you must then determine if Mr. Rasch was discharged for just or good cause. It is for you to decide this issue from the evidence in this case....
"If you find defendant terminated plaintiff for just cause, your verdict will be for the defendant.
"If you find defendant terminated plaintiff without just cause, your verdict will be for the plaintiff."
Rasch, 141 Mich.App. at 339-40, 367 N.W.2d at 857-58.
The Rasch court found the instruction was generally correct but that the trial court erred when it failed to inform the jury that the "burden of proof as to whether the plaintiff [employee] was discharged for just cause was on the defendant." Id. at 340, 367 N.W.2d at 857.
The court notes that in the case at bar instruction No. 10 provides that the "plaintiff must prove ... that he was prevented from completing the performance of his employment contract by reason of his termination by the defendant without cause." (Emphasis supplied.) While instruction No. 12 is a proper explication of the definition of good cause, it does not remedy the burden on the employee improperly placed there by instruction No. 10. The court notes that a review of the record indicates that the court had originally considered placing the burden on the employer and then refused.
A jury instruction which "`"places the burden of proof to establish some of the facts put in issue by the pleadings on the wrong party, is reversible error...."'" Kaspar v. Schack, 195 Neb. 215, 219, 237 N.W.2d 414, 417 (1976). See Hersch Buildings, Inc. v. Steinbrecher, 198 Neb. 486, 253 N.W.2d 310 (1977). The trial court erred when it placed the burden of proof on Stern to establish that his discharge was "without cause". The cause is therefore remanded for a new trial.

JURY INSTRUCTIONS: MITIGATION OF DAMAGES
Stern also asserts that the trial court erred in its instructions regarding mitigation of damages.
The challenged instructions in the instant case provide as follows:

INSTRUCTION NO. 14
If you find in favor of the plaintiff on his claim of breach of contract, then you must determine the amount of plaintiff's damages.
The plaintiff is entitled to recover the amount of compensation agreed upon, for the period agreed to, minus the amount of money plaintiff reasonably could have earned from other employment during that same time.
If you find in favor of the plaintiff, but do not find any actual damage, then you may award the plaintiff no more than a nominal sum.

INSTRUCTION NO. 14a
If you assess damages, then you must consider the defendant's claim that the plaintiff failed to take reasonable steps to minimize his damages. The defendant is not liable for any damages that could have been prevented if the plaintiff had done so. The defendant has the burden of proving that the plaintiff failed to take reasonable steps to minimize his damages.
In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. Pugh v. Great Plains Ins. Co., 239 Neb. 171, 474 N.W.2d 677 (1991); Sikyta v. Arrow Stage Lines, 238 Neb. 289, 470 N.W.2d 724 (1991).
In Nebraska, the measure of damages in a breach of employment contract action is the amount of salary agreed upon minus the amount the employee earned or, with reasonable diligence, could have earned from another employer during the duration of the contract. Lee v. Ralston School Dist., 180 Neb. 784, 145 N.W.2d 919 (1966).
*353 We find that these instructions correctly stated the law and did not prejudice or adversely affect a substantial right of Stern. The jury instructions with respect to the employee's duty to mitigate damages were not error. However, since the case is being remanded because of the burden of proof instruction, at retrial the trial court should consider the applicability of the Nebraska Supreme Court's recent case Kozlik v. Emelco, Inc., 240 Neb. 525, 535, 483 N.W.2d 114, 120-21 (1992) (holding that parties to an employment contract "may override the application of the judicial remedy for breach of a contract by stipulating, in advance, to the sum to be paid in event of a breach").

REBUTTAL TESTIMONY
Stern's last assignment of error is that the trial court abused its discretion in not allowing Stern to present the testimony of Morley Zipursky as a rebuttal witness. The record shows that Stern testified in his case in chief about the large number of potential employers he had contacted allegedly seeking employment after his discharge in an attempt to mitigate his damages. Apparently, in response to On Time's presentation of testimony suggesting that Stern did not ask some of those potential employers for a job, Stern attempted to elicit testimony on rebuttal from Zipursky as to whether Stern had contacted him regarding a job. Although Zipursky was permitted to testify as to certain other matters, On Time's objections to questions regarding offers of employment were sustained. No offer of proof was made, however, the substance of the evidence was apparent from the context of the questions asked. Birkel v. Hassebrook Farm Serv., 219 Neb. 286, 363 N.W.2d 148 (1985).
Rebuttal evidence is confined to new matters first introduced by the opposing party and not as an opportunity to bolster, corroborate, reiterate, or repeat the plaintiff's case in chief. 75 Am.Jur.2d Trial § 374 (1991). See Wright v. Forney, 233 Neb. 258, 444 N.W.2d 895 (1989). This court finds, after reviewing the entire record, that Stern's presentation of Zipursky's testimony was not confined to new matters first introduced by On Time, but was an attempt to bolster, corroborate, reiterate, or repeat Stern's case in chief. Based on a review of the entire record, the court does not find that the exclusion of this evidence affected a substantial right of appellant. See Neb.Rev.Stat. § 27-103(1)(b) (Reissue 1989). The trial court did not abuse its discretion in refusing to admit Zipursky's testimony.
In conclusion, the cause is remanded for a new trial in which the jury instructions regarding the burden of proving "good cause" for discharging Stern are to place the burden on On Time.
REVERSED AND REMANDED FOR A NEW TRIAL.