478 P.2d 298

**FARM DEVELOPMENT CORPORATION, an Idaho corporation, Plaintiff-Respondent, Cross-Appellant,**

v.

**Jose HERNANDEZ, Defendant-Appellant, Cross-Respondent.**

No. 10599.

Supreme Court of Idaho.

Dec. 21, 1970.

the appellant and cross-respondent herein (hereinafter Hernandez). Farm Development is the owner and operator of substantial agricultural land holdings in Elmore County. Hernandez was and is a farmer who has had extensive experience in the raising of sugar beets. Sugar beets had already been planted by Farm Development on its land, were growing, and had been extensively fertilized by Farm Development prior to the date of the contract. Two separate contracts were signed on the same day and contemplated that Hernandez was to raise the sugar beets with the costs and profits resulting therefrom to be borne equally approximately between Farm Development and Hernandez. Hernandez, in addition, was to bear all costs of harvest in hauling the beets to a beet dump and, in addition, was to reimburse Farm Development for one-half of the costs of the previously applied fertilizer, which was stated to be "approximately 1300 pounds of 16–20–0 fertilizer" on each acre of land.

The contracts did not specifically define "crop" other than to indicate that only sugar beets were to be planted and raised. No time limit was specified as to the occupancy of the farm by Hernandez other than the total running time of the two contracts. There was no mention of any pasturage rights as being contemplated in the contract, and at the trial no local custom was shown by clear and sufficient evidence as to the usual disposition of fall pasturage rights. Fall pasturage in the sense used herein is a pasturing of cattle, sheep or other grazing animals on the beet tops remaining on the field after the fall harvest is completed and the sugar beet tubers hauled to market.

Hernandez harvested the sugar beets in the fall of 1965 and then removed himself from the property. During the harvest, Farm Development had begun building fences around the acreage, but leaving access open to Hernandez. After Hernandez quit the farm, cattle were placed on the field, the fence completed, and the cattle grazed upon and consumed approximately one-third of the beet tops. Farm Develop-

Nielson, Nielson & Nielson, Burley, for appellant.

Anderson, Kaufman, Anderson & Ringert, Boise, for respondent.

SHEPARD, Justice.

On April 16, 1965, plaintiff, who is respondent and cross-appellant herein (hereinafter Farm Development), entered into two agreements with the defendant, who is

ment on its own behalf had contracted with the owner of the cattle for such pasturage and Hernandez was never directly notified of the arrangements. Farm Development received the sum of $427.50 for said pasturage rights, which was calculated on a price per head of cattle multiplied by the number of days grazed.

Hernandez failed to reimburse Farm Development for one-half the cost of the fertilizer placed on the land used to grow the sugar beets prior to execution of and as provided in the contract and plaintiff initiated the case at bar. Hernandez counterclaimed for one-half of the value of the sugar beet tops which he claims are a portion of the crop contemplated by the contract.

The trial court found for Farm Development on its claim after various set-offs in the amount of $8,038.88 and Hernandez does not appeal from that portion of the judgment. The trial court also found for Hernandez on his counter-claim and awarded Hernandez one-half of the $427.-50 which Farm Development had received for the pasturage rights. Both plaintiff and defendant appeal from that portion of the judgment. In addition, Farm Development appeals from the denial of interest on its claim dating from the date of the contract.

Farm Development argues it is entitled to interest as a matter of law on the sum of $8,008.50 at six per cent (6%) per annum from April 16, 1965 to the time of the judgment herein, in addition to the interest from the date of judgment until satisfaction thereof. Farm Development contends that this conclusion is compelled by I.C. 28–22–104, which provides in pertinent part:

"When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of six cents (6¢) on the hundred by the year on:

"1. Money due by express contract."

At the time of the execution of the contract the above provision was in force

as I.C. § 27–1904. It is true as Farm Development contends that there need be no prayer for interest contained in the complaint to justify the award of interest. Black v. Darrah, 71 Idaho 404, 233 P.2d 415 (1951). However, it is also settled that "courts have refused to allow interest from a time prior to judgment when the principal amount of liability was unliquidated. This limitation is apparently based upon equitable considerations. However, where the amount of liability is liquidated or capable of ascertainment by mere mathematical processes * * * this Court has allowed interest from a time prior to judgment, for in that event the interest in fully compensating the injured party predominates over other equitable considerations." United States Fidelity & Guaranty Company v. Clover Creek Cattle Company, 92 Idaho 889, 900, 452 P.2d 993, 1004 (1969); Guyman v. Anderson, 75 Idaho 294, 271 P. 2d 1020 (1954). In order for interest to be computed from the date of the contract, the amount upon which the interest is to be based must have been mathematically and definitely ascertainable. Farm Development has limited its claim for interest solely to that amount due for the fertilizer, contending that since the number of pounds of fertilizer per acre is set forth in the contract, the amount due is mathematically ascertainable. The evidence introduced by the parties was conflicting on the amount actually paid and the value thereof and the trial court believed that no exact price has been proven and further, that the price used for the award was obtained by merely striking a balance within the range of prices offered by the evidence. It cannot be said, therefore, that the amount was ascertainable "by mere mathematical processes."

The trial court held and we agree that the evidence shows no local or state custom as to pasturage rights on such an agreement as was involved here. The agreement itself speaks of the division of "all crops" and the trial court held that the intention of such contract language was to include an equal division of both the tubers

and the tops of the sugar beets. The agreement should be construed so as to give effect to the intention of the parties with respect to the subject matter of the agreement. Jenkins v. Donaldson, 91 Idaho 711, 429 P.2d 841 (1967); West v. Brenner, 88 Idaho 44, 396 P.2d 115 (1964). In Corey v. Struve, 16 Cal.App. 310, 116 P. 975, 977 (1911), it is stated:

> "It is no doubt true that the phrase 'crop of beets' might be interpreted to include the tops, as the word 'crop,' in its general signification, means the product of cultivated plants while growing, or that product after it has been harvested or severed from the stock or root to which it was attached. Volume 8, Am. & Ency. of Law, p. 302."

The deciding factor in *Struve* was a clause included in the contract which provided that the farming of the land would be done in accordance with the customs and directions of the lessor, which in the past, had contemplated the tops of sugar beets as being a portion of the crop. Although the language of the Court might therefore be construed to be dicta, nevertheless that language is persuasive. See also Black's Law Dictionary, Revised Fourth Ed. p. 449.

The intent of parties in a written agreement is, if possible, to be ascertained from the language contained therein. Boesiger v. DeModena, 88 Idaho 337, 399 P.2d 635 (1965). In construing a contract the Court will give effect to the language employed therein according to its ordinary meaning. Scharbach v. Continental Casualty Company, 83 Idaho 589, 366 P.2d 826 (1961); Minidoka County for Use and Benefit of Detweiler Bros., Inc. v. Krieger, 88 Idaho 395, 399 P.2d 962 (1965); J. R. Simplot Company v. Chambers, 82 Idaho 104, 350 P.2d 211 (1960).

■ It appears that the trial court could have, and did, within its discretion and without abusing that discretion, hold that beet tops were within the normal usage of the word "crop". The evidence introduced by the parties on the subject of the parties' intent prior to the signing of the contract was conflicting. Where there is substantial and competent, although conflicting evidence to support the findings of the trial court, those findings will not be disturbed on appeal. Clayton v. Jones, 91 Idaho 87, 416 P.2d 34 (1966); Olsen v. Hawkins, 90 Idaho 28, 408 P.2d 462 (1965). The import of the word "crop" was to include the beet tops and it was the burden of the plaintiff to prove a contrary intent in the usage of that word. That burden was not sustained.

■ The final issue for disposition herein is the claim of Hernandez that the valuation of the beet tops should have been calculated on a basis of 75¢ for each ton of the harvested tubers, and that the action of the trial court in awarding him only one-half of the amount actually received for pasturing was erroneous. We find no merit in that claim. Hernandez's witnesses, while testifying that 75¢ per ton for the sugar beet tops was a fair value, also testified that the usual agreement for pasturage rights was a rate based on the number of cattle or sheep times the number of days pastured. Further, it appears from the evidence that none of the witnesses so testifying had ever received 75¢ per ton for beet tops, nor had they known of anyone else who had obtained that amount. There was no evidence to indicate that the actual amount received by Farm Development was less than the going rate for such pasturage rights. The trial court ruled that a recovery for beet tops based on 75¢ per ton of beet tubers would be "too speculative to be considered." We agree with the trial court and likewise find ample evidence to support the trial court in his award to Hernandez of one-half the monies received for pasturage.

The judgment of the trial court is therefore affirmed in all parts and particulars. No costs allowed.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.