838 P.2d 323

**Harold R. STUEVE, Petitioner-Appellant,**

v.

**NORTHERN LIGHTS, INC., an Idaho corporation; Gordon J. Hudson, Arthur L. Jasman, Donald Gillingham, Art Burnett, Jon Adams, Gerald E. Chittick, and Erval Rainey, Respondents.**

No. 19343.

Court of Appeals of Idaho.

Sept. 24, 1992.

James H. Paulsen, Sandpoint, for petitioner-appellant.

Elsaesser, Jarzabek & Buchanan, Sandpoint, for respondents (John Ford Elsaesser, Jr., argued).

SWANSTROM, Judge.

Harold Stueve appeals from a judgment following remand, entered on February 25, 1991, and from an order denying his motion to alter or amend the judgment. He contends that the district court erred in denying him interest, either in the form of prejudgment interest or post-judgment interest which he sought alternatively on his award of statutory penalties. He also contends that the district court miscalculated the penalties. We affirm the orders of the district court.

In the first appeal, *Stueve v. Northern Lights, Inc.*, 118 Idaho 422, 797 P.2d 130 (1990), (*Stueve I*), the Supreme Court affirmed the order of the district court which granted Stueve's petition for a writ of mandate ordering Northern Lights, Inc. to release information from its corporate records to Stueve, a shareholder. The Court also affirmed the denial of attorney fees. Finally, the Court reversed the district court on the applicability of the penalty provisions of I.C. § 30–1–52[1] to nonprofit

---

**1.** Idaho Code § 30–1–52 states in part:

Any officer or agent who, or a corporation which, shall refuse to allow any such shareholder or holder of voting trust certificates, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes and record of shareholders, for any purpose, shall be liable to such shareholder or holder of voting trust certificates in a penalty of fifty ($50.00) *per day for each day that such*

*refusal continues after* any such shareholder or holder of voting trust certificates, or his agent or attorney, has made and delivered to the corporation *written demand* for such examination or extraction, in addition to any other damages or remedy afforded him by law. It shall be a defense to any action for penalties under this section that the person suing therefor has within two (2) years sold or offered for sale any list of shareholders or of holders of voting trust

corporations whose officers refuse to allow a shareholder to examine its books and records. The case was remanded for entry of judgment for statutory penalties due from Northern Lights, Inc. to Stueve.

Following remand, Stueve moved the district court for entry of judgment and for prejudgment interest from the date of the original judgment (January 23, 1989). The district court heard argument as to the number of days during which the penalty accrued and as to whether Stueve was entitled to prejudgment interest. The district court computed the daily penalty to be assessed against each director who had voted to refuse Stueve access to the records for as long as the refusal continued. The court entered judgment on February 25, 1991, awarding $6,950 against each of seven directors and the corporation, plus costs on appeal, together with interest at the statutory interest rate until paid, but the court denied the award of prejudgment interest. On the same day, the defendants made payments totalling $56,284.75, and a satisfaction of judgment was filed of record wherein Stueve preserved his right to seek an additional award of interest on the judgment.

Because the district court determined that prejudgment interest was inappropriate under the circumstances, Stueve then sought an award of post-judgment interest from the date of the original judgment on the theory that the original judgment had been "modified" *nunc pro tunc* by the opinion of the Supreme Court. Stueve presented this request as a timely motion to alter or amend the judgment, which was briefed and argued to the court. On May 8, 1991, the district court issued its opinion and order denying Stueve's motion and rejecting any further award of post-judgment interest. Stueve thereafter filed a notice of appeal contesting the court's determination on the interest issues and on the number of days that the defendants were subject to the penalty.

■ The errors which Stueve raises in this second appeal did not arise prior to the first appeal and, accordingly, are not barred from review under the "law of the case" principle. *See Capps v. Woods*, 117 Idaho 614, 790 P.2d 395 (Ct.App.1990). Stueve argues first that the district court erred in denying him what he calls prejudgment interest on the statutory penalties, beginning from January 23, 1989, the date of the original judgment, to February 25, 1991, the date of the judgment awarding statutory penalties to Stueve.

Idaho Code § 28–22–104(1)2 deals with the award of interest from a time prior to judgment on money "after the same becomes due." Stueve contends that this section entitles him to prejudgment interest. He further contends that an award of prejudgment interest is envisioned by I.C. § 30–1–52 which provides for penalties for each day that the corporation's refusal continues, "in addition to any other damages or remedy afforded by law." Arguing principles of statutory construction, Stueve asserts that the district court erred in looking beyond the statute and in relying on cases from other jurisdictions to deny prejudgment interest over and above the penalties authorized by statute.

■ The usual reasons for awarding prejudgment interest are for loss of the use of money, *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977), or to fully compensate an injured party, *Ace Realty, Inc. v. Anderson*, 106 Idaho 742, 682 P.2d 1289 (Ct.App.1984). *See also Meldco v. Hollytex Carpet Mills, Inc.*, 118 Idaho 265, 796 P.2d 142 (Ct.App.1990).

The purpose of awarding prejudgment interest is not to penalize the losing party, but rather to compensate the successful claimant for losing the use of the money between the date he or she was

certificates for shares of such corporation or any other corporation or has aided or abetted any person in procuring any list of shareholders or of holders of voting trust certificates for any such purpose, or has improperly used any information secured through any prior examination of the books and records of account, or minutes, or record of shareholders or of holders of voting trust certificates for shares of such corporation or any other corporation, or was not acting in good faith or for a proper purpose in making his demand. [Emphasis added.]

entitled to it and the date of judgment. A corollary purpose is to prevent the judgment debtor from being unjustly enriched by the use of that money.

*Morris v. Morris,* 724 P.2d 527, 528 (Alaska 1986) (citing *Bevins v. Peoples Bank & Trust,* 671 P.2d 875, 881 (Alaska 1983)). In Stueve's case, the recovery was not compensatory in nature; rather, the imposition of a penalty on Northern Lights, Inc. was a windfall for Stueve whose right of access to the corporation's books and records had been denied. The object of the statutory penalty, therefore, as stated by the district judge, is to force a corporation to assume financial responsibility for its refusal to open its books.

The district court cited *Rodgers v. United States,* 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947), for guidance in examining a statute providing for a penalty. In *Rodgers,* farmers who sold cotton from their farms in excess of the quota established in Part IV of the Agriculture Adjustment Act of 1938 were assessed penalties provided for in the Act. The Supreme Court, however, refused to add interest to the penalties holding that it would be inconsistent with the already substantial penalties imposed by the legislature and noted that prejudgment interest on penal awards is generally disfavored.

■ We apply an "abuse of discretion" standard of review in deciding whether prejudgment interest should have been awarded in the present case; it is a question of fairness that is to be answered by balancing the equities. *Wessel v. Buhler,* 437 F.2d 279 (9th Cir.1971). The district court's reasoning in following *Rodgers* is sound. To hold that prejudgment interest can be assessed to augment an award under a penalty statute would be to define the punishment differently than did the legislature. We decline to expand on the punishment imposed by the express terms of the statute. We further reject Stueve's argument that the language, "in addition to any other damages or remedy afforded him by law," is authority for an award of prejudgment interest.

■ The district court also cited to *Furness v. Park,* 98 Idaho 617, 570 P.2d 854 (1977), as an additional basis for denying prejudgment interest to Stueve:

> [This Court] has not required that prejudgment interest be awarded in all cases involving liquidated debts, particularly in cases ... in which payment was not due under a contract, a demand for reimbursement for the payments was not presented before the litigation began, interest was not prayed for in the pleadings, the question of the right to interest was not raised before appeal, and it was not shown that the person who benefitted from the payments had ever received the use of the money so that it would be equitable to award interest for use of the money.

*Id.* at 622, 570 P.2d at 859. We note that Stueve's first request for prejudgment interest appeared in his motion for judgment in September, 1990, following the remittitur, and that no petition for rehearing was filed in the Supreme Court where the interest questions could have been resolved. The fact that Stueve failed to include a claim for interest in his complaint is not fatal in and of itself, however. *Rosencrans v. Intermountain Soap & Chemical Co., Inc.,* 100 Idaho 785, 788, 605 P.2d 963, 966 (1980) (citing *Farm Development Corp. v. Hernandez,* 93 Idaho 918, 478 P.2d 298 (1970)). We affirm the district court's order denying prejudgment interest on the statutory penalty awarded to Stueve.

■ Stueve next argues that the district court erred in awarding post-judgment interest only from February 25, 1991, rather than from the original judgment in 1989. He contends that the effect of the Supreme Court's opinion in *Stueve I* was to modify the original judgment, and as such, post-judgment interest should accrue from the date of the original judgment. By construing the judgment following remand as a modification, *nunc pro. tunc,* Stueve urges this Court to adopt the minority rule that post-judgment interest runs from the date of the trial court's erroneous original judgment.

The opinion in *Stueve I* reversed the district court on the applicability of the penal-

ty provisions with regard to a nonprofit corporation. As a result, the amount of the penalty to be assessed against Northern Lights, Inc. was to be incorporated into a judgment pursuant to the opinion from the Supreme Court establishing Stueve's entitlement to the statutory penalties. The entry of that judgment for statutory penalties is determinative, not that the amount of the penalties was ascertainable prior to the remand or that the trial court heard no new evidence following the remand. *Long v. Hendricks*, 117 Idaho 1051, 793 P.2d 1223 (1990), cited by Stueve, is not similar to this situation, as Stueve suggests. In *Long*, the Supreme Court held that interest should have been awarded from the date of the original judgment on the amount of additional medical expenses awarded pursuant to the second remand of *Long v. Hendricks*, 114 Idaho 157, 754 P.2d 1194 (Ct.App.1988). The effect of the language of the remand order to include additional expenses or show the basis for their rejection was to direct the trial court to modify the judgment. 117 Idaho at 1055, 793 P.2d at 1227. In Stueve's case, the original judgment contained no award under I.C. § 30–1–52 that could be modified upward or downward. We disagree, therefore, with Stueve's premise that the judgment after remand was a modification of the earlier judgment.

"[W]hen a judgment is reversed on appeal the new award subsequently entered by the trial court can bear interest only from the date of entry of such new judgment. (Citation omitted.)" *Mitchell v. Flandro*, 96 Idaho 236, 238, 526 P.2d 841, 843 (1974) (citing *Stockton Theatres, Inc. v. Palermo*, 55 Cal.2d 439, 11 Cal.Rptr. 580, 360 P.2d 76, 78 (Cal.1961)). We are unpersuaded by Stueve's argument that we should reject Idaho precedent adopting the majority rule stated in *Stockton Theatres, Inc.* in favor of the minority rule. We uphold the order of the district court awarding post-judgment interest only from the date of the judgment after remand, in accord with the rule in *Mitchell*.

■ The last issue raised on appeal is the district court's determination of the number of days that Northern Lights, Inc. is subject to the penalty. We conclude that

I.C. § 30–1–52 clearly provides for "a penalty of fifty dollars ($50.00) per day for each day that such refusal continues after" written demand from a shareholder. According to the record, the refusal of the corporation ended on January 17, 1989, at the court trial when Northern Lights, Inc. advised that the corporate materials being sought were immediately available, but needed to be photocopied. The five-day allowance granted by the district judge was reasonable and was not abused by the corporation. We will not disturb the district court's calculation of the penalty amount.

In conclusion, we affirm the order of February 7, 1991, denying prejudgment interest and fixing the number of days between August 30, 1988, to January 17, 1989, as the days subject to the statutory penalty. We also affirm the district court's order of May 8, 1991, refusing to amend the judgment to include post-judgment interest beginning from the date of the original judgment.

Costs to respondent, Northern Lights, Inc., pursuant to I.A.R. 40. No attorney fees awarded on appeal.

WALTERS, C.J., and SILAK, J., concur.