178 P.3d 639

**Rickey L. ROSS, a married man dealing with his sole and separate property, Plaintiff–Appellant,**

v.

**Susan Clarke ROSS, a widowed woman, Defendant–Respondent.**

No. 32914.

Court of Appeals of Idaho.

Oct. 24, 2007.

Rehearing Denied Nov. 29, 2007.

Review Denied March 5, 2008.

Daren Fales Law Offices, Grangeville; Gilmore, Wood, Vinnard & Magness, Fresno, California, for appellant. David M. Gilmore argued.

Dennis L. Albers, Grangeville, for respondent.

LANSING, Judge.

Rickey L. Ross ("Rick") appeals a post-judgment ruling in which the trial court declined to grant prejudgment interest on the restitutionary damages that were awarded to Rick.

## I.

## BACKGROUND

In 1990, husband and wife, Jack Ross and Susan Clarke Ross, and Jack's son, Rickey L. Ross, all of whom were California residents, became interested in purchasing a 640–acre ranch in Idaho County, Idaho, apparently with the intent that it would be used principally for recreational purposes and to pasture mules. Rick contributed significantly to the purchase price, but title was placed in the names of Jack and Susan as community property. Following the purchase, many improvements were made to the property, to which Rick contributed both funds and labor. According to Rick's later testimony, he contributed to the purchase price and improvements with the understanding that the property would be held for the use and enjoyment of the entire Ross family, including Rick, his siblings, and their children. In 1996, Jack died, and in subsequent probate proceedings in California, Susan received Jack's share of their community property.

From acquisition of the ranch in 1990 until August 2000, Rick had full use of the property, as did most other members of the Ross family; but disagreements arose between Susan and Rick which reached their culmination in August 2000, when Susan banned Rick from the property.

Rick thereafter filed this action against Susan alleging various causes of action. The trial court found in Rick's favor on his claim that Susan was unjustly enriched by Rick's contributions to the purchase and improvement of the ranch, and awarded damages in the amount of $194,041.77. Rick made a post-trial motion to alter or amend the judgment to include prejudgment interest. The trial court declined to do so, holding that the damages were not liquidated or ascertainable by mere mathematical process. Rick appeals that decision.

## II.

## ANALYSIS

### A. Prejudgment Interest

■ Idaho statutory law, Idaho Code § 28–22–104, calls for the award of prejudgment interest on certain types of money claims, and case law likewise calls for prejudgment interest on damages awarded for unjust enrichment. *Jones v. Whiteley*, 112 Idaho 886, 889, 736 P.2d 1340, 1343 (Ct.App. 1987). Under either the statute or the equitable remedy of unjust enrichment, however, prejudgment interest is allowed only where the damages are liquidated or readily ascertainable by mathematical process. *Id.*; *Child v. Blaser*, 111 Idaho 702, 706, 727 P.2d 893, 897 (Ct.App.1986). This limitation is based upon "equitable considerations," *Farm Dev. Corp. v. Hernandez*, 93 Idaho 918, 920, 478 P.2d 298, 300 (1970), which presumably include the notion that a person who could not determine the amount owed should not be charged interest on the sum that is ultimately found to be due. *See* 22 AM.JUR.2D *Damages* § 654 (1988). However, "where the amount of liability is liquidated or capable of ascertainment by mere mathematical processes" interest is allowed from a time prior to judgment, "for in that event the interest in fully compensating the injured

party predominates over other equitable considerations." *Farm Dev. Corp.*, 93 Idaho at 920, 478 P.2d at 300 (quoting *United States Fidelity & Guaranty Co. v. Clover Creek Cattle Co.*, 92 Idaho 889, 900, 452 P.2d 993, 1004 (1969)). *See also Doolittle v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 805, 814, 919 P.2d 334, 343 (1996); *Davis v. Prof'l Bus. Serv., Inc.*, 109 Idaho 810, 817, 712 P.2d 511, 518 (1985); *Child*, 111 Idaho at 706–07, 727 P.2d at 897–98.

The mere fact that a claim is disputed or litigated does not render damages "unascertainable," for if this were the case, a party could delay payment without incurring interest expense by disputing and litigating any claim, and prejudgment interest would never be awarded. *Ace Realty, Inc. v. Anderson*, 106 Idaho 742, 751, 682 P.2d 1289, 1298 (Ct.App.1984). *See also Mitchell v. Flandro*, 95 Idaho 228, 235, 506 P.2d 455, 462 (1972). Rather, damages are unascertainable where some factor necessary to calculate the amount of damages must be determined by a trier of fact. Conversely:

> A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion. Examples are claims upon promises to pay a fixed sum, claims for money had and received, claims for money paid out, and claims for goods or services to be paid for at an agreed rate.

*Seubert Excavators, Inc. v. Eucon Corp.*, 125 Idaho 744, 750 n. 2, 874 P.2d 555, 561 n. 2 (Ct.App.1993), *aff'd*, 125 Idaho 409, 871 P.2d 826 (1994). There need be no prayer for interest contained in the complaint to justify the award of prejudgment interest. *Farm Dev. Corp.*, 93 Idaho at 920, 478 P.2d at 300; *Stueve v. Northern Lights, Inc.*, 122 Idaho 720, 723, 838 P.2d 323, 326 (Ct.App.1992).

The parties disagree about the standard of appellate review applicable to a trial court's order regarding prejudgment interest. Idaho case law has been inconsistent on this point. In the past, the Idaho Su-

preme Court has suggested that the review is conducted de novo, saying that "[i]nterest should be allowed *as a matter of law* from the date the sum became due in cases where the amount claimed, even though not liquidated, is capable of mathematical computation." *Taylor v. Herbold*, 94 Idaho 133, 137, 483 P.2d 664, 668 (1971) (emphasis added). Many appellate opinions do not squarely address the level of deference to be given to the trial court in these matters, but seem to implicitly apply de novo review. *See, e.g., Magic Valley Foods, Inc. v. Sun Valley Potatoes, Inc.*, 134 Idaho 785, 792, 10 P.3d 734, 741 (2000). More recently, however, the Supreme Court has articulated an abuse of discretion standard. *Dillon v. Montgomery*, 138 Idaho 614, 617, 67 P.3d 93, 96 (2003); *Belk v. Martin*, 136 Idaho 652, 660, 39 P.3d 592, 600 (2001).[1] Our inquiry in this case, therefore, is whether the district court abused its discretion in finding that Rick's damages were not liquidated or ascertainable by mathematical process. A permissible exercise of discretion occurs if the trial court (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with the legal standards applicable to the specific choices before it; and (3) reached its decision by an exercise of reason. *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 768, 86 P.3d 475, 482 (2004).

The district court found that Rick contributed $194,041.77 in funds and labor for the purchase, maintenance, and improvement of the property. This sum was made up of three checks in the amounts of $42,000, $50,000, and $50,541.77 that Rick contributed toward the purchase of the property; a $15,000 payment toward the construction of a new house; $17,000 paid by Rick for a new heating and cooling system; and $19,500 worth of Rick's own labor on various projects. Rick does not ask for prejudgment interest on the amount awarded for labor; he acknowledges that this portion of the damages award was not ascertainable because

---

1. In declaring that an abuse of discretion standard was applicable in *Belk*, the Idaho Supreme Court cited as authority this Court's decision in *Stueve*, 122 Idaho at 723, 838 P.2d at 326, a case

that involved prejudgment interest on a statutory penalty award. We there cited only a Ninth Circuit Court of Appeals decision, and did not address the earlier Idaho authorities cited above.

the district court first had to make findings about the number of hours Rick had worked and the reasonable rate of compensation. *See Barber v. Honorof,* 116 Idaho 767, 770, 780 P.2d 89, 92 (1989); *Schenk v. Smith,* 117 Idaho 999, 1001, 793 P.2d 231, 233 (Ct.App. 1990). Rick contends, however, that he is entitled to prejudgment interest on the other sums because they were readily ascertainable by mathematical process.

■ As a threshold issue, we must determine whether the total damage award can be parsed in this manner, or whether the entire award is made unascertainable when any portion of it is unliquidated. In a number of prior opinions, we have examined discrete parts of the total damages award to determine if prejudgment interest was appropriate on those portions. For example, in *Child,* 111 Idaho 702, 727 P.2d 893, the plaintiff was awarded damages for the lost value of lots after the defendant breached an agreement to complete the subdivision. The court also ordered reimbursement for taxes and water assessments that the plaintiff had paid. We determined that the value of the lots was not easily ascertainable because it required the trial court to sift through conflicting expert testimony and differing theories of recovery, but that prejudgment interest was owed on the amounts expended for taxes and water assessments because the dates and amounts of those expenditures were not disputed. Similarly, we approved prejudgment interest on discrete portions of a larger damages award, in *Prouse v. Ransom,* 117 Idaho 734, 791 P.2d 1313 (Ct.App.1989) and *Bergkamp v. Carrico,* 108 Idaho 476, 700 P.2d 98 (Ct. App.1985). We have been cited to no authority, and have found none, disallowing prejudgment interest on a liquidated component of a larger damages award, and we perceive no reason for a rule that would deprive a claimant of prejudgment interest on a plainly liquidated claim merely because he or she also pressed an entirely separate, unliquidated claim in the same litigation.

In the present case, the amounts of Rick's three checks applied toward the purchase of the property and his payments for improvements on the property were readily ascertainable. *Compare Davis,* 109 Idaho at 817,

712 P.2d at 518 (award of prejudgment interest affirmed where, "[I]n calculating plaintiff's damages ... all the district court had to do was add up the amount of the checks."). *See also Dillon,* 138 Idaho at 618, 67 P.3d at 97 (contract set forth procedure for ascertaining damages, and all the parties needed to do was add up the figures); *McGill v. Lester,* 108 Idaho 561, 700 P.2d 964 (Ct.App. 1985) (reimbursement for funds paid in an attempt to purchase property were ascertainable by mathematical computation). These claims did not become unascertainable merely because Rick also claimed, in the same complaint, unliquidated claims of compensation for his labor.

■ This conclusion does not resolve the entire issue before us, however, for a claim that is liquidated or readily ascertainable when standing alone may be rendered uncertain in amount by an adverse party's countervailing unliquidated claim or setoff. According to our Supreme Court:

> [P]rejudgment interest is precluded where the amount awardable on one party's claim for a liquidated amount cannot be ascertained because of the other party's unliquidated claim. This will occur, for instance, in cases where the unliquidated claim challenges the value of the performance forming the basis of the liquidated claim.

*Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.,* 127 Idaho 41, 47, 896 P.2d 949, 955 (1995) (citations omitted).

We conclude that this principle validates the district court's denial of prejudgment interest here. As a defense to Rick's unjust enrichment claim, Susan presented evidence that she sold certain real property in California to Rick at a steeply discounted price (about one-third of its appraised value) as compensation for his contributions to the purchase and improvement of the Idaho ranch. Rick contended that the discount for the California property was given in consideration for the rental payments he had made on that property and improvements to that property that he had paid for, and he denied that the discount was related in any way to the Idaho ranch. The district court found that Susan had not proved that there was an agreement that the discounted price for the

California property was a settlement of Rick's claims relating to the Idaho property, but took into account the favorable price given to Rick on the California property in deciding how much should be awarded to Rick for his labor expended on improvements to the Idaho property. In determining that Rick would be awarded $19,500 for 300 hours of labor, the court stated, "While additional time and labor were no doubt provided by Rick, the court denies any further recovery in recognition of the substantially discounted price at which Rick was able to purchase the [California property]." Thus, the district court found that the benefit given to Rick in the California transaction equitably reduced the value of the unjust enrichment created by Rick's contributions to the Idaho ranch. Although the district court elected to weigh this benefit against Rick's claim for reimbursement for his labor, the court could as readily have used the same rationale to reduce the award to Rick for the liquidated components of his unjust enrichment claim.

In an action for unjust enrichment, recovery is allowed where the defendant has been enriched by the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff for its value. *Gillette v. Storm Circle Ranch*, 101 Idaho 663, 666, 619 P.2d 1116, 1119 (1980); *Cont'l Forest Prod., Inc. v. Chandler Supply Co.*, 95 Idaho 739, 518 P.2d 1201 (1974). The measure of compensation "is not necessarily the value of the money, labor and materials provided by the plaintiff to the defendant, but the amount of benefit the defendant received which would be unjust for the defendant to retain." *Gillette*, 101 Idaho at 666, 619 P.2d at 1119. Therefore, in such an action, the fact finder is called upon to determine the value of the benefit derived by the defendant which, in equity, it would be unjust to retain without recompense to the plaintiff. *Id.; Nielson v. Davis*, 96 Idaho 314, 528 P.2d 196 (1974); *Cont'l Forest Prod., Inc.*, 95 Idaho at 743–44, 518 P.2d at 1205–06. Thus, the trial court here needed to determine not merely how much Rick had contributed to the acquisition and development of the Idaho property but, of that amount, how much it would be inequitable for Susan to retain without reimbursing Rick. The district court found that Rick's overall claim should be reduced, in consideration of the benefit that he received in the California transaction. Until the district court issued its findings and conclusions in this case, it could not be discerned how or in what amount this equitable adjustment would be made against Rick's claim. Consequently, this countervailing equitable factor asserted by Susan rendered the amount to which Rick would be entitled unascertainable until the trial court rendered its decision. For the foregoing reasons, we conclude that the district court did not abuse its discretion in denying Rick's request for prejudgment interest on his unjust enrichment award.

### B. Attorney Fees

Susan requests attorney fees on this appeal pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1), contending that the appeal was brought frivolously and without foundation. We disagree. The appeal has presented legitimate issues of law for resolution by this Court. Therefore no attorney fees will be awarded.

### III.

### CONCLUSION

The district court's order denying Rick's motion for prejudgment interest is affirmed. Costs to respondent.

Chief Judge PERRY and Judge GUTIERREZ concur.

